USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/10/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA,

-against-

DEJAN PISKACEK,

Defendant.

------------------------------------------------------------ X

18-CR-840 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on March 30, 2020, Mr. Piskacek moved for compassionate release pursuant to 18 U.S.C. § 3582(c) (Dkt. 145);

WHEREAS a court may, according to the plain language of the statute, reduce Mr. Piskacek's sentence under the rubric of compassionate release *only* "upon motion of the Director of the Bureau of Prisons" or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier," 18 U.S.C. § 3582(c)(1)(A);

WHEREAS this Court agrees with Judge Furman's recent decision that the statute does not permit "a general 'unwritten "special circumstances" exception'" or otherwise identify circumstances where the Court may waive the statutorily-mandated exhaustion requirement, *United States v. Roberts*, No. 18-CR-528, 2020 WL 1700032, at *2–3 (S.D.N.Y. Apr. 8, 2020) (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1856, 1862 (2016)):

WHEREAS Mr. Piskacek's motion represents that he "filed his petition with the warden simultaneously with this motion to the Court," Def.'s Mem. of Law (Dkt. 147) at 3;

WHEREAS the Court finds that the proffered documentation from Mr. Piskacek's visits to a healthcare provider and the hearsay statements from his partner are inadequate evidence that Mr. Piskacek suffers from the medical ailments indicated in his memorandum of law;

WHEREAS the furlough statute, 18 U.S.C. § 3622, authorizes the "Bureau of Prisons [to] release a prisoner from the place of his imprisonment for a limited period" under certain circumstances, a measure that appears to be particularly appropriate inasmuch as Mr. Piskacek had been previously at liberty during the pendency of his case and given the threat presented by Covid-19; and

WHEREAS "virtually every court to consider the question appears to have held" that the discretion to release a prisoner under the furlough statute rests solely with the Bureau of Prisons, *Roberts*, 2020 WL 1700032, at *3 (collecting cases);

IT IS HEREBY ORDERED that the Court will defer ruling on the merits of Mr. Piskacek's motion for compassionate release until 30 days have lapsed from the MCC warden's receipt of Mr. Piskacek's request. Mr. Piskacek must notify the Court by letter three days before that period will lapse or if the Bureau of Prisons grants or denies Mr. Piskacek's request, whichever is sooner, or if the Bureau of Prisons grants him a furlough. With that letter, Mr. Piskacek must also provide additional medical documentation supporting his claimed medical conditions. The Court encourages Mr. Piskacek to present a furlough request to the Bureau of Prisons as an alternative to compassionate release.

**SO ORDERED.**

Date: April 10, 2020
New York, NY

_____
VALERIE CAPRONI
United States District Judge